UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CULLOM PROPERTIES, INC. and, | ) | |
| C.H. FOREST PARK PARTNERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:14-CV-215 |
| V. | ) | (REEVES/SHIRLEY) |
| | ) | |
| FIREMAN'S FUND INSURANCE COMPANY, | ) | |
| and THE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for determination of the Plaintiffs' Motion to Amend Complaint to Substitute Parties. [Doc. 13]. The Defendants have filed a Response in Opposition to Plaintiffs' Motion to Amend Complaint. [Doc. 14].

The parties filed a Joint Motion to Extend Time Necessary for Defendants to Answer or Respond to Plaintiffs' Complaint and/or to Substitute Proper Party on June 10, 2014. [Doc. 6]. The Court granted the motion, giving the parties up to and including July 11, 2014 to respond to the Complaint and/or to substitute parties. [R. at 7]. Defendants Fireman's Fund ("Fireman") and The American Insurance Company ("American") filed their answers on July 8, 2014. [Docs. 8 & 9]. Plaintiffs then filed their Motion to Amend Complaint to Substitute Parties, [Doc. 13], on July 11, 2014, along with the corresponding Amended Complaint, [Doc. 13-1], and Defendants filed their response in opposition on July 17, 2014. [Doc. 14].

The Plaintiffs seek to amend their Complaint to substitute National Surety Corporation ("National") in the place and stead of Defendant American and request that National have

1

fourteen days to respond to the Amended Complaint. The Defendants argue that Plaintiffs' Motion should instead substitute both Fireman and American. Defendants further assert that Plaintiffs have failed to follow the proper guidelines as set forth in Rule 15 of the Federal Rules of Civil Procedure. The Defendants contend that instead of seeking to substitute parties, Plaintiffs should have moved to add National as a party and filed a separate motion to dismiss any parties that should no longer be included in the suit. Finally, the Defendants argue that because National is a new party it should have the full time period, as set forth in the Federal Rules of Civil Procedure, to respond.

The Court finds the Defendants' argument persuasive. Although the Court finds good cause to grant Plaintiffs leave to amend the Complaint, any amendments must follow the procedures set forth in Federal Rule of Civil Procedure 15. The parties agree that there is an issue as to whether the proper defendants have been named in the Complaint, [see Doc. 6], and both parties seemingly agree that National should be a named defendant in this matter. [See Docs. 13 & 14]. The Court takes no issue with amending the Complaint to include National as a party defendant. However, absent a showing that substitution is proper under Federal Rule of Civil Procedure 25, National should not be substituted for American but simply added as an additional party defendant.

The Order granting parties' joint motion on June 11, 2014 was not dispositive of any substantive issues raised in this or any other motion. Instead, the Court simply granted an extension of time for the parties to answer or respond as each saw fit. Unless Plaintiffs can show that National should be substituted pursuant to Federal Rule of Civil Procedure 25, an issue yet to be raised, then Plaintiffs should have moved to add National as a party and serve National with process.

National is a new party to this action and requires proper and legal notice. Further, National is due the time set forth in Federal Rule of Civil Procedure 12(a)(1)(A) to answer or otherwise respond to Plaintiffs' Amended Complaint. To the extent that Plaintiffs wish to dismiss any or both of the remaining defendants, Plaintiffs must file a motion to dismiss or submit a proposed agreed order of dismissal.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), upon a motion to amend, a "court should freely give leave when justice so requires." Accordingly, the Court finds that the Motion to Amend Complaint to Substitute Parties, [**Doc. 13**], is **GRANTED** in part and **DENIED** in part. National Surety Corporation is hereby added as a party defendant. The Court declines to substitute National for any other party defendant and will not dismiss any party to this suit without consideration of a properly filed motion to dismiss or proposed agreed order of dismissal. Plaintiffs **SHALL FILE** an Amended Complaint consistent with the holdings of this Order within ten (10) days of entry of this Order, adding National as a party and setting forth their legal claims and factual and legal basis for all claims, issuing the appropriate service of process to National. National shall have up to and including the time set forth in Federal Rule of Civil Procedure 12(a)(1)(A) to respond to Plaintiffs' Amended Complaint.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:14-cv-00215-PLR-CCS   Document 17   Filed 10/08/14   Page 3 of 3   PageID #: 91